[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
1.) This matter came to the court on October 31, 2000.
 2.) It then came to later dates, when both parties were represented and given a full chance to be heard by the court.
 3.) The parties married on March 17, 1998 at Las Vegas, Nevada.
 4.) Prior to the marriage, the parties lived together, starting in 1992 (with periodic separations).
 5.) One party has lived continuously in Connecticut for more than a year prior to the commencement of this action.
 6.) No minor children have been born to the plaintiff since the date of the marriage.
CT Page 15306
 7.) Neither the State of Connecticut nor any of its municipal subdivisions has contributed to the support of either party since the date of the marriage.
 8.) The marriage has broken down irretrievably and there is no hope for reconciliation.
 9.) The parties, while living together, always resided in a condominium, originally acquired by the defendant.
 10.) On more than one occasion, title to the condo has moved from sole, in the defendant, to joint with the plaintiff
 11.) The title transfers were related to emotional/cultural issues in the mind of each party.
 12.) By stipulation, the parties agree that the plaintiff made/contributed lump sum principal payments to the condo mortgage in 1997 and 1998. These principal payments were $9,500.00 and $13,000.00, respectively.
 13.) There is no doubt (yet no agreement on amounts) that the plaintiff financially participated in other contribution to living expenses.
 14.) The plaintiff and the defendant each suffer from the debilitating issues so often associated with aging.
 15.) It is very clear that the defendant has no earning capacity.
 16.) It is not clear whether or not the plaintiff has some earning capacity. This issue is clouded by her admitted history of generating "under the table," not reported, earnings in the recent past. This willingness to engage in dishonest activity tainted her credibility on other issues.
 17.) By stipulation, on the date of trial, the net value of the residential unit is $91,583.09.
CT Page 15307
 18.) There is dispute, with no credible evidence available, about the plaintiff's contribution to asset value from 1992 through separation except for the $22,500.00 noted above.
 19.) It appeared that both parties had periods of credibility and a lack of credibility during the trial.
 20.) The plaintiff credibly testified she does not know what happened to the diamond necklace she received from the defendant.
 DISCUSSION
This is a union which started on an unsound foundation and continued on that basis throughout the relationship. Each party brought an individual (self-centered) agenda to the relationship. Thus, there can be no real attribution of fault, save the observation that there was joint fault.
Neither of these folks contributed to the other except for personal, financial and/or emotional, gain. Thus, the only equitable distribution can be an attempt to return to the starting point; with advantage to neither party.
 ORDERS 1.) The marriage is dissolved on grounds of irretrievable breakdown.
 2.) The plaintiff shall, on or before February 18, 2001, deliver a quit claim for her entire right, title and interest in 423 Asbury Ridge to the defendant.
3.) Upon receipt of plaintiff's deed, the defendant shall:
a. Pay to the defendant the sum of $37,500.00; or
 b. Pay to the defendant the sum of $22,500.00 and
execute, deliver and allow recording of a mortgage in favor of the plaintiff in the amount of $17,500.00, payable from initiation, based on a 10 year amortization at an interest rate of eight (8%) percent (A.P.R.), on a monthly basis.
CT Page 15308
 4.) To the extent the parties have not already equitably divided their personalty, they are directed to complete that process. Should they be unable to accomplish that task, the issue is referred to the Family Relations office for mediation. To the extent this process should fail to resolve the issues, on or before 2/1/02, this court retains jurisdiction for resolution at that time. Should the court be involved in this process and find unreasonable behavior by a party, fees may be awarded to the non-offending party.
 5.) Neither party shall be responsible for any alimony payment to the other party.
 6.) Neither party shall be responsible for any liability of the other incurred on and after 11/15/01.
 7.) Each party shall be responsible for (and hold the other party harmless from) any liability listed on his or her financial affidavit.
 8.) If the defendant fails to comply, in a precisely timely way, with the mandates of Order paragraph 3, the real estate involved shall on February 19, 2002, judicially transfer to the plaintiff subject only to a defendant's lien in the amount of $30,000.00 as of that date. No interest or amortization period is dictated. All interest shall be simple annual interest from that date forward.
 9.) In the event the plaintiff must use the enforcement provisions of paragraph 8, she will be entitled to the fees and costs for seeking an immediate ejectment and recordation of the transfer/lien documents.
DANIEL E. BRENNAN. JR., J.